MERRITT, Circuit Judge,
concurring.
I agree with the court that the Foreign Sovereign Immunities Act is ambiguous and somewhat unclear. The facts as alleged here, however, seem to me to demonstrate that the Congo itself — as distinguished from Triple A — does not even have sufficient commercial activity “contacts” with the United States to create personal jurisdiction under ordinary due process concepts which the Act’s legislative history appears to incorporate: The legislative history explains that the “requirements of minimum jurisdictional contacts and adequate notice are embodied in the provision” and that these “immunity provisions, therefore, prescribe the necessary contacts which must exist before our courts can exercise personal jurisdiction.” H.R.Rep. No. 94-1487, at 13 (1976), reprinted in 1976 U.S.C.C.A.N. 6604, 6612. The language suggests that Congress was thinking in familiar terms of “contacts” to establish “personal jurisdiction.” We have no claim here that the Congo representatives came to the United States or had any products shipped to or from the United States. We have no claim that the Congo ordered any products in the United States, and Triple A does not claim that the Congo’s order had a “direct effect” in the United States. Without itemizing Congo contacts that would justify bringing it into a federal court, Triple A must lose the jurisdictional battle. Whether the Constitution — as distinguished from the Act— requires such “contacts” is not the point. The Act itself explicitly requires such contacts.